UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUANGLI ZHANG, et al. | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil No. 25-cv-02016 (APM) |
| HOTEL FORTUNE, et al. | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.**

Plaintiffs Guangli Zhang, Chengshuo Zhang, and Shanshuo Zhang, initiated this action pro se against 30 defendants, including government officials, shelters, hospitals, physicians, and state agencies. Plaintiffs bring a variety of claims, but their complaint centers on the alleged kidnapping of their child by the Administration for Children's Services ("ACS") in New York City. *See* Am. Compl., ECF No. 6 [hereinafter Compl.], at 11–13 (CM/ECF pagination). Plaintiffs seek damages for physical injuries to their child, as well as the emotional injuries they suffered because of the alleged kidnapping. *See id.* at 13. Plaintiffs also seek compensation for property damage, lost wages, and fees paid. *Id.* For the following reasons, the court dismisses this matter without prejudice.

**II.**

**A.**

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously

frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when 'it is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" because they advance, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330 (internal quotation marks and citations omitted). In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Plaintiffs' complaint fails to raise a substantial federal question. Plaintiffs are residents of Washington, D.C., who allege a broad conspiracy by Defendants to facilitate the kidnapping of their child. *See generally* Compl. Plaintiffs claim, among other things, that: (1) ACS took Plaintiffs' child in January 2025 and offered no legal basis for doing so; (2) various state and local officials, doctors, shelters, agencies, and hospitals in New York conspired with ACS to cover up the alleged kidnapping; (3) the New York Office of the Ombudsman, within the Office of Children and Family Services ("OCFS"), "condoned and protected illegal conduct" at a shelter where Plaintiffs were living; and (4) the legal counsel assigned to Plaintiffs by the Center for Family Representation, Inc. ("CFR") aided the alleged conspiracy and offered ineffective assistance. *See id.* at 11–13. Plaintiffs' complaint also includes an exhibit containing figures of the damages sought from the named Defendants, further allegations about Defendants' "extremely cruel" actions, allegations of threats received from the Chinese Communist Party, and four images of an unidentified child's face and head. *See* Compl., ECF No. 6, Ex. 1, ECF No. 6-1 [hereinafter Pls.' Ex. 1] (CM/ECF pagination).

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiffs' claim is clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction as to all Defendants.

B.

*Sua sponte* dismissal is warranted for another reason: Plaintiffs fail to comply with Federal Rule of Civil Procedure 8(a). That rule requires every complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), 8(d)(1). The D.C. Circuit has said that "'[t]aken together, Rules 8a(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules'" and "[e]nforcing these rules is largely a matter for the trial court's discretion." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C.Cir.2004) (citations omitted).

Courts in this District have often dismissed complaints containing "an untidy assortment of claims that are neither plainly nor concisely stated," as well as those not "meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977); *see also Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717 (HHK), 2007 WL 3125236, at *2 (D.D.C. Oct. 24, 2007) (dismissing case where pleading filed by the plaintiff was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" (internal citation omitted)). Similarly, the D.C. Circuit has affirmed the *sua sponte* dismissal of a complaint that "does not provide fair notice to the defendants of the claims against them, and as pled, . . . appears to be frivolous."

*See Karim-Panahi v. U.S. Congress, Senate and House of Representatives*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004).

Plaintiffs' pleading falls squarely within this class of complaints. It fails to identify the "circumstances, occurrences, and events" supporting Plaintiffs' claims for relief against each Defendant. *West v. Geithner*, 427 F. App'x 9, 9 (D.C. Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007)). It is simply "too convoluted and too confusing to require Defendants to respond." *Rogler v. U.S. Dept. of Health & Hum. Servs.*, 620 F. Supp. 2d 123, 128 (D.D.C. 2009) (dismissing complaint advancing allegations having "nothing to do" with the legal basis for plaintiff's claims). Defendants therefore lack fair notice of their alleged wrongful acts. *Sua sponte* dismissal is thus warranted.

## II.

Some Defendants have appeared and moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. *See* Wang Defs.' Mot. to Dismiss, or in the Alt., for a More Definite Stmt., ECF No. 4; Defs. LIJ Forest Hills & Dr. Popso's Mot. to Dismiss, ECF No. 10; Defs. Forestdale, Inc. & Crystal Zhang's Mot. to Dismiss, ECF No. 16; Defs. Center for Family Representation Inc. & Kaitlan Moe' Mot. to Dismiss the Compl., ECF No. 27. To survive a Rule 12(b)(2) motion to dismiss, a plaintiff must "make a *prima facie* showing of the pertinent jurisdictional facts." *First Chicago Int'l. v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) (collecting cases). The complaint "must allege specific acts connecting the defendants with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). A "bare allegation of conspiracy or agency" does not establish personal jurisdiction. *Id.* (internal quotation marks and citation omitted).

4

Plaintiffs fail to establish that this court has personal jurisdiction over any moving Defendant. Movants are all citizens of New York. All the alleged conduct occurred in New York, and Plaintiffs offer no theory of how Defendants' alleged actions caused them injury in the District of Columbia. *See* Compl. at 11–13 (CM/ECF pagination) (alleging Defendants were "derelict in [their] duty," "condone[d] and shield[ed]" the alleged perpetrators, and "committed a crime," but asserting no connection to the District). The court therefore lacks both general jurisdiction and specific jurisdiction under the D.C. long-arm statute, D.C. Code § 13-423. Further, Plaintiffs allege a sweeping conspiracy, but identify no act occurring in the District of Columbia. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1096 (D.C. Cir. 2008) (setting forth elements of conspiracy jurisdiction). They therefore cannot avail themselves of personal jurisdiction by an alleged civil conspiracy. *See Dyson v. Dutko Ragen Homes & Invs.*, No. 21-cv-2280 (APM), 2022 WL 1294484, at *6 (D.D.C. Apr. 27, 2022) (granting defendants' motion to dismiss because plaintiff failed to plead facts demonstrating defendants' participation in a civil conspiracy within the forum).

The court therefore grants the moving Defendants' motions to dismiss for lack of personal jurisdiction.

### IV.

For the foregoing reasons, the Complaint and this action are hereby dismissed. All motions to dismiss, ECF Nos. 4, 10, 16, & 27, are granted. Plaintiffs' outstanding motions, ECF Nos. 2, 13, 14, & 22, are denied as moot. The court declines to grant Plaintiffs leave to amend because

they have offered no basis for personal jurisdiction as to any Defendant. The court does not, however, dismiss the action with prejudice, as suit may be appropriate in a different forum.

A final, appealable order accompanies this Memorandum Opinion.

Dated: October 7, 2025

                                                Amit P. Mehta
                                                United States District Judge